**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DORIS H. GRAY, a married woman,

             Plaintiff - Appellant,

  v.

MOTOROLA, INC., a Delaware
Corporation,

             Defendant - Appellee.

No. 09-17250

D.C. No. 2:07-cv-01466-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted December 10, 2010[**]
San Francisco, California

Before: HAWKINS and N.R. SMITH, Circuit Judges, and PRO, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

Doris Gray ("Gray") appeals the summary judgment grant in favor of Motorola, Inc. ("Motorola") on her claims of retaliation in violation of the Arizona Employment Protection Act ("AEPA") and/or Arizona public policy, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). We affirm.

The district court did not err in granting summary judgment to Motorola on Gray's retaliation claim. As the district court noted, Gray's complaints to Motorola appeared self-motivated (e.g., wanting her name off the contract, not wanting the incident to hurt her later in her career, etc.), and she never sufficiently identified to Motorola a basis for her belief that its actions were unlawful.[1] Even assuming she subjectively believed Motorola had some ethical obligation to immediately inform the contracting party that a forgery had occurred, she lacked an objective, good faith belief that Motorola's conduct violated the law. Motorola was actually the victim of the forgery, which resulted in contract terms more favorable to a third party than Motorola would ordinarily accept. The company's conduct in not immediately informing that party was not unlawful or even unethical, as Motorola possessed a legitimate defense to the contract and was entitled to explore its options. Moreover,

_____

[1] The only statement that comes close to alleging criminal activity is Gray's February 2006 letter which states "Forgery is a crime." But this statement does nothing to alert Motorola that Gray believed *Motorola's* failure to inform the other party of the forgery was a violation of any law.

2

Gray also admitted in deposition testimony that she had no reason to believe Motorola had any intention of not performing under the contract, which Motorola eventually ratified and re-executed on the same terms. The district court correctly concluded that Gray could not establish an action under the AEPA or any vital public policy interest implicated by her complaints to the company.[2] *See* A.R.S. § 23-1501(3)(c)(ii); *Murcott v. Best Western Int'l, Inc.*, 9 P.3d 1088, 1095-99 (Ariz. App. 2000).

Nor did the court err in granting summary judgment to Motorola on Gray's ADEA claim. Under the ADEA, Gray had to establish a prima facie case that age was the "but-for" cause of her termination. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009). Although Gray is in the protected class and was part of a workforce reduction, the circumstances of her termination simply do not give rise to an inference that age was *a* factor in the decision, let alone the but-for cause of her termination. She does not deny that Motorola terminated other Government Enterprise Mobility Solutions ("GEMS") attorneys working in single person offices,

---

[2] We need not resolve whether, under Arizona law, a claim for wrongful termination in violation of public policy survives after the enactment of the AEPA, *see Galati v. America West Airlines, Inc.*, 69 P.3d 1011, 1015 (Ariz. App. 2003), because to the extent it does, it would fail for the same reasons Gray's AEPA claim fails, i.e., that she has not identified a public policy that Motorola violated nor did she ever sufficiently identify one to her employer.

and cannot point to any similarly-situated younger person who was treated more favorably than others in the protected class.[3]

**AFFIRMED**.

---

[3] Motorola allowed two of these attorneys to relocate to a nearby larger office where other GEMS attorneys worked–one from Hanover, Maryland, to the D.C. office and one from Anaheim, California, to the San Diego office. Of the two employees who were allowed to relocate, one was younger than forty, one was not. As the district court concluded, it is "hard to see how Motorola's failure to offer Plaintiff the same opportunity, i.e., to move, at least part-time, to an office that contained more GEMS attorneys, constitutes age discrimination when it was offered to both a younger employee and an employee in Plaintiff's protected class."

4